Thomas E. Loeser (SBN 202724)
tloeser@cpmlegal.com
**COTCHETT PITRE & MCCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
T: (310) 392-2008

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
T: (310) 474-9111

*Co-Lead Interim Class Counsel*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DISIVISON**

*In re Farmers Security Incident Litigation*

This Document Relates To: All Actions

Case No. 2:25-cv-07972-MWF-AYP

Hon. Michael W. Fitzgerald

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' (1) REQUEST FOR JUDICIAL NOTICE AND (2) DECLARATION OF RACHEL ROBINSON IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED COMPLAINT**

Date: Oct. 19, 2026
Time: 10:00 a.m. via Zoom
Judge: Hon. Michael W. Fitzgerald
Ctrm: 5A

## I. INTRODUCTION

Farmers' request for judicial notice should be granted only in limited part as to some of the documents it attempts to introduce through declarations. Although the Court may judicially notice the existence of certain public records and the fact that certain documents exist, it may not take judicial notice of the truth of disputed factual assertions within those materials, nor may it use judicial notice to resolve factual disputes at the pleading stage. *See* Fed. R. Evid. 201(b); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

On a Rule 12(b)(6) motion, the Ninth Circuit has repeatedly cautioned against overuse of judicial notice and incorporation by reference to "short-circuit" otherwise plausible claims. *Khoja*, 899 F.3d at 998–1002. Thus, even where a source itself is authentic or publicly available, Rule 201 does not permit the Court to accept as true facts that remain reasonably disputed or "subject to varying interpretations." *Id.* at 999–1000.

Nor does Farmers' factual challenge to Article III standing under Rule 12(b)(1) permit its request for judicial notice or its improper attempt to introduce an expert declaration at the pleading stage. *See* Declaration of Rachel Robinson, Dkt. 50-2. While Rule 12(b)(1) factual attacks can introduce outside evidence and trigger a jurisdictional finding of genuinely disputed facts, it is inappropriate for courts to consider such evidence and reach such a finding on a motion to dismiss when "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983).

This "intertwined" exception dictates deference to a plaintiff's well-pleaded allegations and rejection of the challenging evidence, as the court "should await a determination of the relevant facts on either a motion going to the merits or at trial." *Id.*(citations omitted); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039–

40 (9th Cir. 2004); *Bowen v. Energizer Holdings, Inc.*, 118 F.4th 1134, 1144 (9th Cir. 2024).

## II. ARGUMENT

### A. Exhibits A–L and the Robinson Declaration

Plaintiffs do not oppose judicial notice of Exhibits A–L—Plaintiff Harris's CCPA notice, Farmers' response, Farmers' data breach notices to each Plaintiff, and Plaintiff Scorio's unrelated data breach complaint—solely for the purpose of establishing the existence of those documents and filings. But any such notice must be expressly limited. The law does not permit the Court to take judicial notice of the truth of disputed factual statements contained in those documents, and Farmers may not rely on those materials to import its own version of contested facts into the pleadings analysis. *Lee*, 250 F.3d at 689–90; *Khoja*, 899 F.3d at 999.

However, Exhibit L (the *Scorio v. Cerner Corp.* complaint) should not be considered for Farmers' Rule 12(b)(1) challenge to Plaintiff Scorio's standing. Farmers' use of this exhibit amounts to an improper and uncompelling attack on the traceability element of standing, which is so intertwined with the substantive issue of causation that the Court should not accept this exhibit as a genuinely disputed fact. *See Augustine*, 704. F.2d at 1077; *Safe Air for Everyone*, 373 F.3d at 1039–40. The Ninth Circuit has applied this analysis to a class action arising under California law, finding a similar standing challenge was intertwined with an element of the plaintiff's claim and, thus, better left for resolution on the merits. *Bowen*, 118 F.4th at 1143–44; *see also Allgood v. PaperlessPay Corp.*, No. 20-cv-516, 2022 WL 846070, at *9 (M.D. Fla. Mar. 22, 2022) (declining to decide disputed factual issues brought by a Rule 12(b)(1) factual attack on data breach fraud allegations).

In *Stallone v. Farmers Grp., Inc.*, No, 21-cv-01659, 2022 WL 10091489 (D. Nev. Oct. 15, 2022), the court evaluated a similar standing challenge by Farmers—that a prior breach is responsible for Plaintiffs' PII exposure—and rejected the argument, finding that determination to be '"less about standing and more about the

merits of causation and damages.'" *Id.* at *9 (quoting *In re Zappos.com, Inc.*, 888 F.3d 1020, 1029 (9th Cir. 2018) (abrogated on other grounds)).

The Declaration of Rachel Robinson (Dkt. 50-2) is an even more egregious attempt by Farmers to prematurely introduce evidence—here, a purported "expert" opinion—under the guise of a Rule 12(b)(1) factual attack. The Robinson Declaration, without substantiation, purports to establish that some of Plaintiffs' PII that was exposed in this Data Breach had previously been exposed on the dark web, also to refute traceability. *See* Mot. at 22, 24.

Farmers' attempt to introduce an expert declaration at the pleading stage should be rejected. The factual dispute it attempts to raise is sufficiently intertwined with the merits of Plaintiffs' claims that it is premature to reach a judicial determination, especially from a declarant that does not even present the underlying evidence she purports to rely upon in forming her opinions. Courts have rejected similar premature attempts to introduce expert evidence. *See, e.g.*, *XL Specialty Ins. Co. v. Perry*, No. 11–cv-2078, 2012 WL 6800780, at *4 (C.D. Cal. Jan. 26, 2012).

**B. Exhibits 1–29**

Farmers' attempt to incorporate Exhibits 1–29 by reference also fails. Under the incorporation by reference doctrine, documents that are not attached to a complaint may nevertheless be considered "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). "However, if the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint." *Khoja*, 899 F.3d at 1002. Farmers is requesting judicial notice of Plaintiffs' insurance policies with Farmers, contending that they can be judicially noticed because "Plaintiffs each allege that they provided their personal information to Farmers when purchasing their insurance policies." RJN at 4. This argument is incorrect.

The court's decision in *Cottle v. Plaid Inc.* is directly on point. 536 F. Supp.

3d 461 (N.D. Cal. 2021). There, the defendant sought to introduce as exhibits its privacy policies at the pleading stage under the incorporation by reference doctrine. The court rejected the request, holding that the privacy policies were not incorporated by reference because they were not the basis of the plaintiffs' claims. Rather, the court reasoned that plaintiff's claims arose from the defendant's alleged deceptive practices in obtaining consumers' banking credentials and harvesting and selling their financial information without consent. *Id.* The court explained that the privacy policies "'create[ ] a defense' to these allegations, a defense that Plaintiffs expressly dispute in the CFAC." *Id.* at 478 (quoting *Khoja*, 899 F.3d at 1002). The court further held that because the adequacy and effect of the privacy policies were disputed factual issues, "[r]esolution of that issue is inappropriate at this stage." *Id.*

The same reasoning applies here. Plaintiffs merely note that they purchased insurance in the complaint to establish the context in which Farmers collected Plaintiffs' PII. *E.g.*, CAC ¶ 157. The information that Plaintiffs turned over *to obtain* the insurance policies is the basis of the claims, not what was stated in the ultimately issued insurance policies. Plaintiffs do reference Farmers' *internal* policies to protect customer PII to support their claims, but not the language of any issued insurance policy document itself. *Id.* ¶¶ 165, 184, 203, 223, 243, 260, 279, 298. Farmers, in turn, is relying on these insurance policies, which are never referenced in the Complaint, solely to advance their defenses of Plaintiffs' negligence and implied contract claims (*see* Mot. at 25, 28 n.6), but the policy documents do not form the bases of those claims.

As indicated in Plaintiffs' concurrently filed opposition, Plaintiffs' allegations of Farmers' breach of duty and implied contract are outside the terms of those documents. Tellingly, Farmers' motion does not quote a single word of these exhibits; this is because the policy documents do not address anything that actually forms the bases of Plaintiffs' claims: Farmers' inadequate data security, implied promise to secure Plaintiffs' PII, or failure to timely notify Plaintiffs of the Data Breach.

Further, the only potential relevance of the insurance policies is mooted because the information at issue—Plaintiffs' PII listed on the documents—are redacted in the exhibits. Because Plaintiffs dispute both the relevance and the legal effect of those documents, they cannot properly be considered under the incorporation-by-reference doctrine or receive judicial notice.

## III. CONCLUSION

For these reasons, Plaintiffs do not object to the Court granting Farmers' request for judicial notice only as to Exhibits A–L, but only for the limited purpose of recognizing the existence of the documents and related proceedings. Plaintiffs ask the Court to deny the request insofar as it asks the Court to accept the truth of any disputed factual assertions therein.

The Court should reject Farmers' attempt to factually challenge Plaintiffs' standing through Exhibit L and the Declaration of Rachel Robinson, as the issue of traceability is sufficiently intertwined with resolution of factual issues that go to the merits of Plaintiffs' claims, which should not be considered at this stage.

The Court should also deny Farmers' request for judicial notice of Exhibits 1–29, as Farmers cannot incorporate by reference insurance policy documents that do not govern the negligence and implied contract claims for which Farmers introduces them in a veiled attempt to create defenses to those claims.

Dated: July 31, 2026

Respectfully submitted,

By: *[/s/ Tina Wolfson]*

Tina Wolfson (SBN 174806)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 W. Olive Avenue, Suite 500
Burbank, CA 91505
T: (310) 474-9111

Thomas E. Loeser (SBN 202724)
tloeser@cpmlegal.com

**COTCHETT PITRE & MCCARTHY, LLP**
2716 Ocean Park Blvd., Suite 3088
Santa Monica, CA 90405
T: (310) 392-2008

*Co-Lead Interim Class Counsel*

**<u>L.R. 11-6.2 Certificate of Compliance</u>**

The undersigned counsel certifies that this memorandum contains 1,596 words and complies with the word limit of L.R. 11-6.1.

Dated: July 31, 2026

*<u>/s/ Tina Wolfson</u>*
Tina Wolfson